## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAM LE; VAN TRAN; B.T., *A minor by his Guardian Ad Litem*; J.T., *A minor by her Guardian Ad Litem*; G.T., *A minor by her Guardian Ad Litem*; BJG INVESTMENT SOLUTIONS LLC<br><br>        **Plaintiffs,**<br>**v.**<br><br>PLUS ONE REALTY DESIGN GROUP AND YACHT CLUB LLC, DEVONDA L. WALKER,<br><br>        **Defendants.** | Civ. No. 2:24-cv-08594 (WJM)<br><br>**OPINION** |

In this action for breach of contract, Plaintiffs Tam Le ("Le"), Van Tran ("Tran"), B.T., *a minor by his Guardian Ad Litem*, J.T., *a minor by her Guardian Ad Litem*, G.T., *a minor by her Guardian Ad Litem*, and BJG Investment Solutions LLC ("BJG") (collectively "Plaintiffs") move for judgment by default against Defendants Plus One Realty Design Group and Yacht Club LLC ("Plus One") and Devonda L. Walker ("Walker") (jointly "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 17. The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the Court cannot determine whether it can exercise personal jurisdiction over Defendants and therefore, Plaintiffs' motion for default judgment is **denied without prejudice**.

## I. Background

Plaintiffs Le and Tran are married. Compl. ¶ 4. Plaintiffs B.T., J.T., and G.T. are minor children of Le and Tran who reside with their parents in New Jersey. *Id.* ¶¶ 5-7. Tran is a member of BJG, which is a Nevada corporation with its principal place of business in New Jersey. *Id.* ¶ 8. Le is an agent of BJG. *Id.*

Defendant Plus One Realty Design Group and Yacht Club LLC ("Plus One") is a Washington D.C. corporation with its principal place of business in Washington D.C. Compl., ¶ 10. Defendant Devonda L. Walker ("Walker") is the president and CEO of Plus One and also a citizen of Washington D.C. *Id.* ¶ 11.

1

Around February 2024, Le met Walker at a video conferencing presentation for investors. *Id.* ¶ 15. Walker was seeking investments on behalf of Plus One for the Lady Yvonne Yacht Vessel. *Id.* ¶ 16. Le communicated via email and telephone with Walker and expressed an interest in investing a total of $60,000.00 to receive a guaranteed return on investment of 30% plus percentage shares of profits. *Id.* ¶ 18. Walker and Plaintiffs then executed a series of contracts dated February 15, 2024. *See* Compl. ¶¶ 20-67. On each of these contracts, Walker signed in her capacity as president and CEO of Plus One and also as personal guarantor. *Id.* ¶¶ 23-24, 30-31, 37, 39, 45, 47, 53, 55, 62, 64. Plus One failed to make the specified payments by the specified dates. *Id.* ¶¶ 25-26, 32-33, 40-41, 48-49, 56-57, 66-67. The total sum of money owed to Plaintiffs, exclusive of percentages of gross sales, is $78,000.00. *Id.* ¶ 67.

Plaintiffs filed this suit on August 20, 2024. ECF No. 1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Defendant acknowledged service of the Summons and Complaint on December 6, 2024. ECF Nos. 8, 9. Defendants have not answered or otherwise responded to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants on September 9, 2025. Plaintiffs now move for default judgment. ECF No. 17. Plaintiff served Defendants with this motion for default on February 8, 2026. ECF No. 17-2.

## II. DISCUSSION

Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). But before the Court grants a motion for default judgment, it must also ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018).

A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). New Jersey's long-arm rule, N.J. Civil Practice Rule 4:4–4(c), applicable in this case, extends jurisdiction over non-residents "'to the uttermost limits permitted by the United States Constitution.'" *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990) (citing *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986)). "The New Jersey Supreme Court has made it clear that New Jersey courts look to federal law for interpretation of the limits on in personam jurisdiction." *Id.* at 698, n.5.

To establish personal jurisdiction, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)). According to the Complaint, the basis for personal jurisdiction over Defendants is that Defendants entered into contracts with New Jersey citizens. Compl. ¶ 13. That, however, does not constitute "continuous and systematic" contacts with New Jersey for purposes of establishing general personal jurisdiction. *See Provident Nat'l Bank*, 819 F.2d at 437.

Nor is it a sufficient basis to exercise specific jurisdiction over Defendants. "In determining whether specific jurisdiction exists [], we consider not only the contract but also 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)); *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (explaining that focus of whether specific jurisdiction over nonresident defendant exists is on "'the relationship among the defendant, the forum, and the litigation.'" (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Notably, "[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant." *Vetrotex*, 75 F.3d at 151 (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1222 (3d Cir. 1992)). Here, apart from contracting with New Jersey citizens, Plaintiffs have not presented any facts to show that Defendants' forum-related conduct creates a substantial connection with New Jersey such that the exercise of specific jurisdiction over Defendants is consistent with due process. *See Walden*, 571 U.S. at 284.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for default judgment is **denied without prejudice.** An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: March 25th 2026**

3